# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In Re: | § § § | |
| DAVID CORTEZ ALVAREZ, | § § | Case No. 25-42809 |
| Debtor. | § § § | Chapter 11, Sub V |

## DEBTOR'S OBJECTION TO CLAIM NO. 11 FILED BY LLOYD KELLEY

## 30-DAY NEGATIVE NOTICE – LBR 3007(b):

**ATTENTION: YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED. Accordingly, you should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not wish for the Court to eliminate or change your claim, you must file a written response opposing the claim objection, explaining the factual and/or legal basis for that response.**

**No hearing will be conducted on this claim objection unless a written response in opposition is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE* listed in the certificate of service unless the Court shortens or extends the time for filing such response. If no response in opposition is timely served and filed, this claim objection shall be deemed to be unopposed, and the Court may enter an order sustaining the objection to your claim. If a response in opposition is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your response in opposition may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

**NOW COMES** David Alvarez ("Debtor") by and through undersigned counsel, and respectfully moves this Court for entry of an order sustaining Debtor's Objection to Proof of Claim Number 11 ("Claim No. 11") filed by Lloyd Kelley on December 3, 2025 (the "Claims Bar Date") and in support states:

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B).

2. On September 24, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code.

3. On December 3, 2025, Lloyd Kelley filed Claim No. 11 for services performed under contract in the amount of $3,759,796.00. Claim No. 11 is filed as a secured claim alleged secured by "Contractual Fee Attorney Lien Equitable." Claim No. 11 does not attach the referenced contract nor any other writings to support it.

4. Claim No. 11 is apparently based upon an engagement agreement entered into between Lloyd Kelley (the "Claimant") and Debtor on July 14, 2018. The Debtor hired Claimant as his attorney for two matters. The Debtor later filed a complaint with the Texas bar as to misconduct of Claimant and filed suit in Harris County against Claimant for damages. (A true copy of Debtor's Complaint is attached.)

5. The engagement agreement produced by Claimant to Debtor's counsel allows for the payment of fees on a contingent basis. Thus, if the same is the basis for Claimant's Proof of Claim, nothing is owed. To Debtor's knowledge, neither matter handled by Claimant resulted in Debtor being awarded any amount for damages and thus Debtor denies owing anything to Claimant.

6. Claim No. 11 is also objected to for lack of documentation and lack of proof that any enforceable security agreement exists.

7. Bankruptcy Rule 3001 requires that a Proof of Claim based on a writing must include a copy of that writing with the proof of claim. Further, Bankruptcy Rule 3001(d) states that if a creditor claims a secured interest in property of the Debtor, then the creditor must accompany its proof of claim with evidence that the security interest has been perfected. No such evidence is attached to Claimant's claim.

8. Debtor objects to Claim No. 11 because it does not meet the initial requirements of Bankruptcy Rule 3001 since it did not include the writing which secures the claim.

9. Debtor further objects to the claim as a secured claim because there is no invoice for outstanding attorney fees or other accounting documents to show draws on a retainer attached to Claim No. 11.

10. The Debtor further objects to the entire amount of Claim No. 11 as Claimant breached his obligations to the Debtor as his client and is not entitled to any compensation not previously paid.

WHEREFORE the Debtor requests that the Court (a) enter an order sustaining Debtor's Objection to Claim No. 11, (b) disallow Claim No. 11 in its entirety, and (c) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Lyndel Anne Vargas
Lyndel Anne Vargas
State Bar No. 24058913
Nicole Susan Wood
State Bar No. 24120560
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Phone : (214) 573-7302
Email: LVargas@chfirm.com
Email: NWood@chfirm.com

Attorneys for David Alvarez,
SubV Debtor-In-Possession

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 17th day of December, 2025 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Eastern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and by U.S. Mail, postage prepaid to the following:

Lloyd Kelley
2726 Bissonnet. Ste. 240
Houston, TX  77005

/s/ Lyndel Anne Vargas
Lyndel Anne Vargas

Case 25-42809    Doc 47    Filed 12/17/25    Entered 12/17/25 12:06:52    Desc Main
Document    Page 5 of 7

2/14/2022 8:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61739775
By: Maria Rodriguez
Filed: 2/14/2022 8:17 PM

CASE NO. _____

| | | |
|---|---|---|
| **DAVID ALVAREZ AND** | § | **IN THE DISTRICT COURT OF** |
| **D&A ALVAREZ GROUP, LLC** | § | |
| *Plaintiffs* | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **LLOYD KELLEY AND** | § | |
| **THE KELLEY LAW FIRM** | § | |
| *Defendants* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW DAVID ALVAREZ AND D&A ALVAREZ GROUP, LLC, hereinafter called "Plaintiffs," complaining of LLOYD KELLEY AND THE KELLEY LAW FIRM, hereinafter called "Defendants," and for cause of action show and state affirmatively:

### I.

### PARTIES AND SERVICE OF PROCESS

Plaintiff David Alvarez is an individual residing in Tarrant County, Texas. Plaintiff D&A Alvarez Group, LLC is a Texas Limited Liability Company.

Defendant Lloyd Kelley is an individual residing in Houston, Texas and may be served at his place of business, The Kelley Law Firm, 2726 Bissonnet, Suite 240 PMB 12, Houston, Texas 77005; or, his residence: 6514 Buffalo Speedway, Houston, TX 77005; or, wherever he may be found.

### II.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this controversy because any damages which may be ultimately sought by Plaintiffs exceed the minimum jurisdictional limits of this Court; and

Lloyd Kelley and the Kelley Law Firm reside and have their principal places of business in Harris County, Texas.

Venue is proper in Harris County, Texas.

### III.

### DISCOVERY LEVEL

Plaintiffs plead that discovery should be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### IV.

### STATEMENT OF RELIEF SOUGHT

Plaintiffs seek monetary relief of not less than $ 12,000,000.00. The damages sought are within the jurisdictional limits of this Court.

### V.

### PREMISE

Plaintiffs have asserted certain rights, opportunities and remedies in an alleged Attorney/Client contract dated July 18, 2018. Exhibit A.

### VI.

### CAUSES OF ACTION

Making specific refence to the alleged Attorney/Client contract:

1. Plaintiffs claim that Defendants breached their Fiduciary Duty to them;

2. Plaintiffs claim that the alleged Attorney/Client contract was induced by Fraud.

3. Plaintiffs claim that the alleged Attorney/Client contract is a Contract of Adhesion.

4  Plaintiffs claim that Defendants have committed Grievous acts of Malpractice.

EXHIBIT A
Page 2 of 3

## VII.

## DAMAGES

Plaintiffs have been damaged in amounts in excess of $12,000,000.00.

## VIII.

## REQUESTS FOR DISCLOSURE

Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in rule 194.2.

## IX.

## JURY DEMAND

Plaintiffs request trial by jury in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that, upon hearing and trial hereof, Plaintiffs have their damages, Attorneys Fees, and all such other relief, in law and at equity, to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Timothy M. Trickey
Timothy M. Trickey
State Bar No.: 20219000
The Trickey Law Firm
8500 N. Mopac Expressway, Suite 803
Austin, Texas 78759
Telephone: (512) 206-0569
Facsimile: (737) 241-0900
trickeylaw@gmail.com

**COUNSEL FOR PLAINTIFFS
DAVID ALVAREZ AND D&A ALVAREZ
GROUP, LLC**