# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: David Alvarez | § | |
| DEBTOR | § | CASE NO. 25-42809 |
| | § | Chief Judge Brenda T. Rhoades |
| | § | CHAPTER 11 |

## KELLEY'S AMENDED MOTION TO STAY PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW OR IN THE ALTERNATIVE MOTION TO CLARIFY OR MODIFY THE COURT'S ORDER D.E. 71

### 14-DAY NEGATIVE NOTICE – LBR 2004

Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading **WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE** shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear

at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.

**COMES NOW** Movant/Appellant Lloyd Kelley and moves the Court to stay the claims proceeding pending the outcome of his appeal of the Honorable Brenda T. Rhoades' Order Granting In Part,and Denying In Part Motion to Lift Stay Doc. No. 71 or in the alternative Motion to Clarify or Modify the that Order Doc. No. 71.

I.   PROCEDURAL HISTORY

David Alvarez ("Debtor") individually filed a Chapter 11 Bankruptcy on August 24, 2025. Despite having sued Appellant and being compelled to arbitration with Appellant, Debtor intentionally did not list Appellant as a creditor. Appellant learned about Debtor filing Bankruptcy when trying to schedule the final arbitration hearing. Debtor in fact sued Appellant for not maintaining the confidentiality of the arbitration by revealing too many details in seeking to compel arbitration in the lawsuit filed by Debtor which is pending in the 190th District Court of Harris County, Texas in case number 2022-09193.  As such, Appellant carefully filed a "proof of claim" to preserve his claims that were pending in the arbitration ordered by the District Court in cause number 2022-09193.

Appellant filed a Motion for Relief from Automatic Stay (with exhibits) (Docket # 46) to enable Appellant and Debtor to complete the court-ordered arbitration pending before the Honorable C. Stone.  Debtor then filed an Objection to Claim of Lloyd Kelley in the amount of $ 3759796.00 (Docket # 47   )("Motion") and an Objection to Appellant's Motion for Relief from Automatic Stay (Docket # 48). The Court set Appellant's Motion for hearing on January 6, 2026. Debtor's counsel make misrepresentations to the Court related to Debtor's wholly owned entity, D&A Alvarez Group, LLC claiming that that company had been terminated and wound up under

Texas Business and Organizations Code. D&A Alvarez Group, LLC is a co-plaintiff suing Appellant in in the 190th District Court case number 2022-09193, which had been compelled to arbitration.

The Court attempted to craft an order that would lift the stay on the non-debtors, Timothy Trickey and D&A Alvarez Group, LLC, and left the stay as to Debtor's claims against Appellant to permit Appellant to enter a final judgment dismissing Debtor's claims with prejudice against Appellant in the state court case number 2022-09193.

The Court agreed with Debtor's argument that the determination of the validity of Appellant's claims against Debtor were "core" bankruptcy claims and therefore said claims were not required to arbitrate pursuant to the arbitration agreement between Debtor and Appellant. See Order Granting In Part, and Denying In Part Motion to Lift Stay (Docket # 71).

Subsequent to that hearing, Appellant discovered that Debtor did not follow the procedure under the Texas Business and Organizations Code for proper termination and winding up of the affairs of D&A Alvarez Group, LLC. Despite pending litigation/arbitration with Appellant, Debtor did not provide for the claims made in the arbitration and did not provide any notice to anyone of the termination of the company. As such, under Texas law, Debtor would be held personally liable for such obligations of D&A Alvarez Group, LLC. Thus, Debtor's counsel's representations to the Court at the hearing that Debtor did not oppose the lifting of the stay or oppose the arbitration continuing against D&A Alvarez Group, LLC. Debtor's counsel even stated on the record that no one would represent D&A Alvarez Group, LLC or defend the arbitration. When Appellant finally figured out the ineffective "termination" of Debtor's company, Appellant realized there might be an issue in trying to comply with the Court's order as written.

After the hearing, despite representing to the Court that Debtor had dismissed all claims against Appellant with prejudice, Debtor's counsel attempted to conduct discovery on issues that were actually litigated and discovery conducted in the arbitration in case number 2022-09193. See Exhibit A, emails attached.

Appellant objects to having his claims against Debtor, and indirectly against Debtor's company D&A Alvarez Group, LLC, tried in Bankruptcy Court given Debtor's enforcement of the arbitration agreement in the parties agreement.  That agreement was before the Court and it is undisputed that it covers all disputes between the parties and it is undisputed that State District Court in case number 2022-09193 compelled arbitration and that the case was stayed pending a final arbitration award. Appellant seeks an order lifting the stay so that Debtor and Appellant can comply with the already court-ordered arbitration now ending before the Honorable Judge Stone in Harris County, Texas.

**ARGUMENT**

**I. The Bankruptcy Court Should Stay Proceedings under *Coinbase* et al.**

On June 23, 2023, the Supreme Court held that when a federal district court denies a motion to compel arbitration, the district court must stay its proceeding while the interlocutory appeal is ongoing. Coinbase, Inc. v. Bielski, 143 S. Ct. 1915, 1918, 216 L. Ed. 2d 671 (2023). The Supreme Court reasoned that because the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially "involved in the appeal." Id. (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). "If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost – even if the court of appeals later

concluded that the case actually had belonged in arbitration all along." Id. at 1921; see also Carey v. 24 Hour Fitness USA, Inc., No. CIV.A. H-10-3009, 2010 WL 5476745, at *2 (S.D. Tex. Dec. 30, 2010).

Coinbase is instructive. Although the present appeal is from a bankruptcy court decision to the district court, the same reasoning dictates that a stay is required. If Appellant is forced to litigate his claims against Debtor (and indirectly Debtor's wholly owned company D&A Alvarez Group, LLC) in the Bankruptcy claims procedure, Appellant will lose all of the benefits of arbitration. In this case, prior to Debtor filing this Bankruptcy case, Debtor and Appellant were compelled to arbitration, conducted discovery in arbitration, litigated matters in arbitration, and were set for the final arbitration proceeding. As such, the Court's order denying the lifting of the stay to allow the arbitration to be completed is not only a denial of compelling the parties to arbitrate, it is an abrogation of the parties' arbitration agreement.

Because Coinbase mandates a stay pending interlocutory appeal of the denial of arbitration, the Court should stay this proceeding.

## II. In the Alternative, Mr. Kelley Meets the Four-Factor Test for a Discretionary Stay.

If the Court decides that *Coinbase* is not controlling in the bankruptcy court, Mr. Kelley nonetheless meets the four-factor test that the Court applies when considering whether a discretionary stay is warranted. The Court considers (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay. *Hinkle v. Phillips 66 Co.*, No. PE:20-CV-22-DC-DF, 2021 WL 8055644, at *2 (W.D. Tex. Dec. 21, 2021);

*see also In re Burkett*, 279 B.R. 816, 817 (Bankr. W.D. Tex. 2002) (bankruptcy court applying four factor test in evaluating motion to stay).

### A. Mr. Kelley will Succeed on the Merits.

Mr. Kelley has presented a strong case that this proceeding should be arbitrated. *See* Motion to Lift Stay) (Doc. No. 46). Mr. Kelley entered into a valid agreement with Debtor and his company, D&A Alvarez Group, LLC, an alter ego of Debtor, that contained an arbitration provision. The provision was extraordinarily broad, encompassing all controversies which may arise between them. The 190th District Court of Harris County Texas compelled the parties to arbitration in case number 2022-09193.  Contrary to the Debtor's representations to the Court that the arbitration had concluded before Debtor filed this bankruptcy, that arbitration was pending at the time Debtor filed this bankruptcy case.  Both parties engaged in extensive discovery and held numerous hearings in the arbitration proceedings. Appellant, Debtor and Debtor's company D&A Alvarez Group, LLC are undeniably signatories to the agreement, and as such they must arbitrate all claims.

### B. Mr. Kelley will be Irreparably Injured Absent a Stay.

If the claims determination proceeding is allowed to continue as to Appellant's claims, Mr. Kelley will suffer irreparable injury. First, the confidentiality provision of the agreement will be breached.  Debtor already brought claims in the arbitration proceeding to enforce the confidentiality provision of the arbitration and brought a breach of the agreement claiming Kelley had breached the confidentiality provision in district court during the proceeding to compel arbitration. Appellant will forever lose the protections he is afforded in arbitration, such as confidentiality and more  efficient resolution of his claims given discovery has been fully concluded in the arbitration proceeding. Now, Debtor is attempting to engage in the same discovery

and raise the same issues that were raised and some issues decided. Mr. Kelley will have to assert new defenses such as res judicata and that will involve more briefing and further complication of issues. Mr. Kelley will also incur substantial costs if forced to continue litigating the bankruptcy claim proceeding in the Eastern District of Texas instead of in Harris County Texas as mandated by the agreement and the bankruptcy court is reversed on appeal.

### C. Issuance of a Stay will not Substantially Injure Other Parties.

Debtor cannot show substantial injury. While Debtor has an interest in speedy resolution of its case, a decision on whether its claims are arbitrable will undoubtedly streamline the adversary proceeding and allow the claims to proceed in the correct forum. The Court granted in part Debtor's wife's, Roberta Alvarez's, motion to lift stay to allow their divorce proceedings to determine marital assets to continue in state court and that will take time. If the bankruptcy court's ruling were reversed, Debtor would suffer similar harm as Mr. Kelley, in that he would have to continue with the bankruptcy proceeding only to later have to relitigate in arbitration.

### D. Public Interest Favors a Stay.

The public interest favors efficient allocation of judicial resources and upholding valid agreements. *See Fairway Vill. Condominiums v. Indep. Specialty Ins. Co.,* No. CV 22-2022, 2023 WL 4156819, at *4 (E.D. La. June 23, 2023). The bankruptcy court will need to expend unnecessary judicial resources if the Court engages in litigation and it denies Appellant the right to a jury on these issues and the Court's decision is reversed.

### **CONCLUSION**

The Court should stay this proceeding until the outcome of the appeal.

Dated: January 30, 2026                    Respectfully submitted,

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Facsimile: 281-652-5973
Kelley@lloydekelley.com
Pro Se

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 27, 2026 by lengthy phone call, I conferred with Lyndel Vargas, counsel for Debtor, regarding the his motion for a stay pending an appeal of the Court's denial of motion to lift stay to allow arbitration proceeding to conclude. Ms. Vargas indicated that the Debtor is opposed to the stay pending appeal.

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, a true and correct copy of the above and foregoing document, **KELLEY'S AMENDED MOTION TO STAY PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW OR IN THE ALTERNATIVE MOTION TO CLARIFY OR MODIFY THE COURT'S ORDER D.E. 71** was served via email on the following counsel of record and/or through the Court's ECF system, which constitutes service on all parties.

LVargas@chfirm.com
Lyndel Anne Vargas
Cavazos Hendricks Poirot, PC
900 Jackson St., Suite 570
Dallas Texas 75202

/s/ *Lloyd E. Kelley*