# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: David Alvarez | § | |
| DEBTOR | § | CASE NO. 25-42809 |
| | § | Chief Judge Brenda T. Rhoades |

## MOTION TO ALLOW DISCOVERY OR IN THE ALTERNATIVE MOTION TO RECONSIDER DECISION DENYING ARBITRATION

### 14-DAY NEGATIVE NOTICE – LBR 2004

Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading **WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE** shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.

**COMES NOW** Lloyd Kelley ("""Kelley" or "Movant") and respectfully files this Motion to Allow Discovery or in the alternative Motion to Reconsider Denying Kelley's Arbitration Demand.

## I.     Summary

At the February 3, 2026 hearing, Movant informed the Court that the liabilities pertaining to a wholly owned company of Debtor, D&A Alvarez Group, LLC ("D&A"), are properly the liability of Debtor and that Debtor appears to have taken all of the assets out of D&A. The Court directed Debtor to be transparent and provide documents and information regarding Debtor's assets and the supposedly "termination" of D&A without necessity of formal discovery. When Movant requested documents and certain information, Debtor's counsel refused to provide any claiming that nothing would be provided until after the March 10, 2026 evidentiary hearing and only after the Court determined Movant was a creditor. This refusal to provide such information and the ambiguous disclosure of information by Debtor in his schedules appears to be an attempt to push through a Subchapter V Chapter 11 bankruptcy discharge without full disclosure of all assets and liabilities.

## II.    Debtor's Refusal to be Transparent

1. On February 3, 2026, the Court held a status conference as well as other motions in this case. During that hearing, one of the entities Debtor owns was discussed. D&A Alvarez Group, LLC. Debtor's counsel again represented to the Court that this company was formally terminated before the filing of the bankruptcy. Debtor's counsel also told the Court that this company was owned 50% by Debtor and 50% by his wife. However, in his Amended Schedules Debtor identified he owned 100% of the company.

2. D&A Alvarez Group, LLC has a judgment against it from Texas state court in excess of $ 9 million. The judgment creditors are referred to as the "Steadfast Creditors." In an email, Debtor's counsel in refusing to provide Movant any discovery or information about D&A Alvarez Group, LLC's "termination, asserted, "My client certainly will be transparent with any creditors of his former company, but I am only aware of the judgment creditors in the 2016 Yale/Steadfast litigation." This establishes that Debtor has not been "transparent" yet with any creditors.

3. Debtor did not list any of the Steadfast Creditors in his Amended Schedules. However, Debtor provided them notice of the filing of this bankruptcy. Thus, it is uncertain how Debtor is attempting to treat the over $7 million owed by D&A Alvarez Group, LLC in this Subchapter V filing.

4. At the time of that judgment, Debtor filed a sworn statement that D&A Alvarez Group, LLC had cash of $169,154 and "receivables" of $3,064,190. The issue of what happened to the assets of D&A Alvarez Group, LLC and whether it was properly terminated was brought up and discussed. The issue of documents relating to that alleged "termination" were specifically discussed at the last hearing.

5. The Court stated she wanted the debtors in her court to be "transparent" and Movant thought the Court had instructed Debtor's counsel to provide documents without necessity of formal discovery.

6. Movant contest that D&A Alvarez Group, LLC was properly terminated under Texas law.

7. Upon information and belief, Debtor engaged Jennifer Preston of Aropys located at 7300 State Hwy 121, Ste 300, McKinney TX 75070, 972-954-2731 as the accountant for D&A Alvarez Group, LLC at the time of its "termination" in April 2025. Ms. Preston is listed in Debtor's schedules as his accountant and the accountant for his companies.

8. Movant identified Ms. Preston as a potential witness at the future evidentiary hearing.

9. The following day, Movant sent a request for documents and information related to the "termination" of D&A Alvarez Group, LLC and what happened

to its assets leading to a "zero value" as of the date of "termination." Movant told Debtor's counsel that he was requesting the communications (email, text, documents exchanged) between David Alvarez and Jennifer Preston who served as the accountant for Mr. Alvarez for the last two years." Movant also told Debtor's counsel that it was his understanding that Jennifer Preston was Debtor's accountant that handled the "winding-up" of his Company.

10. Debtor's counsel responded as to Ms. Preston, "I am not certain that his present accountant was involved in the closure of D&A."  See email attached.

11. Movant felt this was an odd response that Debtor was "not certain" Ms. Preston was his accountant for the "wind-up" of D&A since Ms. Preston was identified as Debtor's counsel and has been for the past two years and the "termination" just happened last year five months prior to filing this bankruptcy.

12. Movant responded to Debtor's counsel that, the "debtor knows" and asked Debtor's counsel, "Why didn't you ask him who did the accounting to "windup D&A ?"

13. Movant also informed Debtor's counsel that Mr. Trickey, a former lawyer for Debtor and D&A Alvarez, had identified Ms. Preston as Debtor's accountant and stated he had spoken to Alvarez and Ms. Preston winding up D&A earlier last year.

14. Movant then asked what accounting records does Ms. Preston have" and who was the accountant for D&A Alvarez Group, LLC in April 2025 at the time of the "winding-up" of that entity.

15. Debtor's counsel responded that it was basically none of Movant's business. Debtor's counsel took the position that until the Court determines if Mr. Alvarez owes any money to me from my representation of Debtor or D&A, then she was not going to provide me or anyone else any information related to Debtor, his companies or the supposed "termination" of D&A Alvarez Group, LLC.

16. After email exchanges on this issue, Debtor's counsel ended with the following refusal to provide any information: "unless Judge Rhodes finds that you hold a claim against Mr. Alvarez, for contingency work done for him and D&A, you are not a creditor entitled to any of the other information you seek."

17. Debtor's counsel made an interesting statement though in the exchange of emails that, "[t]he public records show that properties still under D&A's management when D&A ceased operations were placed under management of D&C, which has made full disclosures as part of the filings in this case."

18. This statement is ambiguous as the terms "ceased operations" is not the same as "terminated" under Texas law which Debtor claimed happened in April

2025.  In addition, D&A Alvarez Group, LLC never had any "operations." It was a real estate and note holding company with passive investments.  This is clear from the sworn accounting Debtor provided to the 190th District Court.

19. Finally, there are no "public" records that record any transfer of assets from D&A Alvarez Group, LLC to D&C Asset Holdings Series I, LLC ("D&C"). In fact, in his Amended Schedules, Debtor claims he only owns 50 % of D&C whereas he claims he owned 100% of D&A Alvarez Group, LLC. Debtor did not identify who owned the other 50% of D&C Asset Holdings Series I, LLC.

20. As to Debtor's attorney claiming Debtor made full disclosure in his bankruptcy filings, Debtor claims D&C Asset Holdings Series I, LLC has an ==unknown value.== How is that possible if all of the assets of D&A Alvarez Group, LLC were transferred to D&C?

21. Movant challenged the assertion by Debtor's counsel that D&A Alvarez Group, LLC had been property "wound-down" under the Texas Business Organizations Code and specifically identified required items that were never addressed such as notifying all creditors, paying all outstanding bills, and then accounting for all assets of the company and making a final report to the Secretary of State and filing a final IRS return.  Debtor has refused to provide any of this documentation to anyone.

22. The Debtor conducts his business through wholly owned business such as Precise Cleaning and D&A Alvarez Group, LLC.  According to Debtor's Amended Schedules filed Nov 21, 2025 (Docket Entry 31):

23. Debtor owns a house at 613 Silver Spur, he valued at $1.7 million house and states the equity is $886,000.

24. Debtor identifies a marital trust with house and note at 3705 W 5th Street and states it has an unknown value. No trust agreement has been produced.

25. Debtor identifies time shares in the Virgin Islands, Maui, Orlando, and Cabo with an unknown value.

26. Debtor has 5 bank accounts and a Morgan Stanley account. At the most recent hearing, Debtor's counsel stated they did not even know how much had been in a bank account his wife had taken.  Debtor identifies $781,000 in annuities.

27. Debtor identifies 100% ownership in Alvarez Asset Holdings, LLC and claims it has zero value.

28. Debtor identifies he has 50% ownership in Chloe Enterprises Inc. dba Sparkling Services which he states "(closed) and claims it has zero value.

29. Debtor identifies he owns 100% of D&A Alvarez Group, LLC and claims it has zero value. During the last hearing, Debtor's counsel asserted Debtor only owed 50% and his wife owned 50% of this company.

30. Debtor identifies he owns 50% in D&C Asset Holdings Series I, LLC and claims it has an unknown value.

31. Debtor identifies he owns 100% of Precise Cleaning, LLC and claims it has an unknown value.

32. Debtor identifies he owns 50% of Precise Elite, LLC and claims it has an unknown value.

33. Debtor identifies a 49% ownership interest in 309 Pine, LLC but then claims it has an unknown value.

34. Debtor claims 529 accounts for his kids but states it has an unknown value.

35. Debtor claims 100% ownership of a $75,000 mortgage with Matt Aycock as maker but then asserts it has an unknown value.

36. Debtor asserted he owned Tax Relief Inc. and filed corporate documents related to this entity but Debtor did not even list this entity in his bankruptcy schedules.

## CONCLUSION

Given the refusal of Debtor to comply with the Court's directive to be transparent, and Debtor's refusal to provide any information regarding the alleged "termination" of D&A Alvarez Group, LLC or provide documents and information on the transfer of assets from D&A to D&C while leaving the over $7 million in debt in D&A, and the refusal to even identify the accountant that handled the

"termination" and provide those documents, the Court should either permit Movant to return to arbitration where these issues can be subject to discovery or the Court should permit discovery in these proceedings prior to the March 10, 2026 evidentiary hearing.

Dated: February 6, 2026　　　Respectfully submitted,

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Facsimile: 281-652-5973
Kelley@lloydekelley.com
Pro Se

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 6, 2026 by email and phone call, I conferred with Lyndel Vargas, counsel for Debtor, regarding this Motion to Permit Discovery or Reconsider Arbitration. Ms. Vargas indicated that the Debtor is opposed to the stay pending appeal.

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 28, 2026, a true and correct copy of the above and foregoing document, **KELLEY'S MOTION TO PERMIT DISCOVERY** served via email on the following counsel of record and/or through the Court's ECF system, which constitutes service on all parties.

LVargas@chfirm.com
Lyndel Anne Vargas
Cavazos Hendricks Poirot, PC
900 Jackson St., Suite 570
Dallas Texas 75202

                                        /s/ *Lloyd E. Kelley*