| | |
|---|---|
| **From:** | Lyndel Vargas |
| **To:** | kelley@lloydekelley.com |
| **Cc:** | kimberly@lloydekelley.com; Nikki Wood |
| **Subject:** | RE: In re Alvarez |
| **Date:** | Thursday, February 5, 2026 6:25:51 PM |

Mr. Kelly

I take exception to your characterization of the judge's statements and mine. I further expressly refute that I was counsel for David Alvarez or D&A at the time it was wound down. There are no "hidden" or "undisclosed" assets. I do not practice law that way. The disclosures made by the Debtor here are accurate as of the bankruptcy filing.

The only known creditor of D&A has been advised of the bankruptcy. The public records show that properties still under D&A's management when D&A ceased operations were placed under management of D&C, which has made full disclosures as part of the filings in this case. D&A's primary asset was its lien claim in the Steadfast litigation which became worthless.

So, again, unless Judge Rhodes finds that you hold a claim against Mr. Alvarez, for contingency work done for him and D&A, you are not a creditor entitled to any of the other information you seek.

Sincerely,
Lyndel Anne Vargas

Lyndel Anne Vargas
Shareholder
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson, Suite 570
Dallas, Texas  75202-4425
214-573-7344
214-573-7399 fax
LVargas@chfirm.com
www.chfirm.com

This email is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sec. 2510-2521, and may contain confidential information subject to attorney-client privilege.  If you are not the intended recipient, please delete this email and notify the sender.

**From:** kelley@lloydekelley.com <kelley@lloydekelley.com>
**Sent:** Thursday, February 5, 2026 2:16 PM
**To:** Lyndel Vargas <lvargas@chfirm.com>
**Cc:** kimberly@lloydekelley.com
**Subject:** RE: In re Alvarez

I disagree. I believe the Judge was clear she wants the Debtor to be transparent as of the date he

filed and I think it is beginning to be apparent to her that assets have been moved out of D&A while you were their lawyer and the timing of the bankruptcy and the supposed termination of D&A was not just a coincidence

I thought the judge instructed you to make these types of disclosures so that everyone can get a true picture of the Debtor and the assets that should be available

It appears you are aware the bankruptcy had been part of a concerted effort to conceal assets

I don't think the Court bought your excuse that D&A is in receivership and therefore potential assets are not to be identified

Your statement is odd that you are not certain this accountant …
 your debtor knows
Why didn't you ask him who did the accounting to "windup D&A ?
Trickey identified her and says he spoke to Alvarez  and her about winding up D&A

What accounting records does she have ?
Who was the accountant in April 2025?


Makes no sense to say it is in a state receivership when it was supposedly terminated anyway

I believe the Court wants all this information made available to all potential creditors including all creditors which you left off the notice list intentionally.

I am certain the court did not say that you can wait until March to see if I am a creditor and then you have to be transparent

You appear to be desperately trying to hide potential assets of the estate and I think the Judge will not be pleased whether it turns out I'm a creditor or not

I take it that we disagree and that you and the Debtor are  not going to produce these documents


 I will take this as my attempt to confer and I will file a motion to compel



As far as the check, I identified where it was in the exhibits filed w Alvarez depo
This check was deposited in D&A  bank account and should be part of D&A financial records
More importantly you were ready to stipulate to it

So I think you should gather  all of the D&A records and confirm they are complete and that they
 include that check

**From:** Lyndel Vargas <lvargas@chfirm.com>
**Sent:** Wednesday, February 4, 2026 4:23 PM
**To:** kelley@lloydekelley.com
**Cc:** kimberly@lloydekelley.com
**Subject:** RE: In re Alvarez

Mr. Kelly.

My client certainly will be transparent with any creditors of his former company, but I am only aware of the judgment creditors in the 2016 Yale/Steadfast litigation.

However, as to your list of requests, we must first know if you or your law firm was owed any money by Mr. Alvarez arising from your representation of him and D&A. That is the preliminary question to be determined in the ½ day trial on our Objection to Claim No. 11 filed by you in the bankruptcy case. If the Bankruptcy Court determines that you are owed money that remains unpaid arising from your contingency agreement for such representation, we can arrange appropriate disclosures of the financial affairs of that company.

As the judge noted, your concerns about the propriety of the closure of D&A Alvarez Group, LLC are not part of the upcoming trial and can be addressed separately by another means.
Furthermore, I am not certain that his present accountant was involved in the closure of D&A.

Of your list below, the only one that remotely deals with your asserted claim in this bankruptcy is the inquiry regarding a $251,000 cashiers check or money order that was tendered to Mr. Alvarez by a third party for a purchase. I have asked you for a copy of that check so that it can be researched but have not received that from you. I will look into it if and when it is received.


Sincerely
Lyndel Vargas


Lyndel Anne Vargas
Shareholder
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson, Suite 570
Dallas, Texas  75202-4425
214-573-7344
214-573-7399 fax
LVargas@chfirm.com
www.chfirm.com

This email is covered by the Electronic Communication Privacy Act, 18 U.S.C. Sec. 2510-2521, and may contain confidential information subject to attorney-client privilege.  If you are not the intended recipient, please delete this email and notify the sender.

**From:** kelley@lloydekelley.com <kelley@lloydekelley.com>
**Sent:** Wednesday, February 4, 2026 9:22 AM
**To:** Lyndel Vargas <lvargas@chfirm.com>
**Cc:** kimberly@lloydekelley.com
**Subject:** In re Alvarez

Ms. Vargas,
In light of the Judge's directive at the hearing that she expects Debtor's to be transparent, I am requesting the communications (email, text, documents exchanged) between David Alvarez and Jennifer Preston who  served as the accountant for Mr. Alvarez for the last two years. It is my understanding that she was his accountant that handled the "winding-up" of his Company.
 It is my understanding this is the information on her company:

Jennifer Preston
Aropys
7300 State Hwy 121, Ste 300,
McKinney TX 75070.
972-954-2731

On April 7, 2025, David Alvarez filed a certificate of dissolution for D&A Alvarez Group, LLC indicating that the company had completed its winding up and had complied with the Texas Business Organizations Code in winding up that company.
David Alvarez indicated a voluntary decision to wind up the company that had been approved in a manner required by the TBOC and by the governing documents of the entity.
At the hearing, you informed the Judge that D&A Alvarez Group, LLC is owned by David Alvarez and his wife.

I would like you to provide me a copy of the following documents:
1. The governing documents of D&A Alvarez Group, LLC including any operating agreements
2. The approval authorizing the winding up of D&A Alvarez Group, LLC as of April 7, 2025, (especially any written approval given by David Alvare's wife)
3. the documentation showing D&A Alvarez Group, LLC completed all the steps for dissolution under Section 11.052 of the TBOC,
4. the written notice of the winding up to all known creditors and claimants.
5. any written notice to me in regards to the ongoing arbitration since 2022
6. Documents reflecting that David Alvarez collected and sold company property
7. documents indicating what company property was distributed "in kind" to members.

8. Documents showing what assets of the Company were used to to pay off or adequately provide for all LLC debts and obligations.
9. Documents showing where assets were distributed to members after all liabilities are settled.
10. provide the **final income tax return** for the company
11. provide any IRS or other audits since Dec 2019
12. provide all tax returns filed on the company since Dec 2019
13. provide all Texas controller filings and annual franchise tax reports
14. provide all accounting records for the company since Dec 2019
15. Please provide any documents evidencing real property owned by the company since Dec 2019
16. Records showing that Alvarez applied the company property to the just and equitable discharge of its liabilities and obligations
17. Records indicating what money was distributed to David Alvarez and his wife since Dec 2019 from the Company's assets
18. All bank account records for the Company since Dec 2019
19. The accounting records for he Company as of Dec 2019 that evidence D&A Alvarez Group, LLC had cash of $169,154 and "receivables" of $3,064,190
20. I would like documents to establish what happened to the $251K
21. what other companies did David Alvarez form after Dec 2019 to the present
22. what assets did David Alvarez transfer from D&A Alvarez to any of his other entities or trust and when ?

Respectfully,

Lloyd E. Kelley
**THE KELLEY LAW FIRM**
2726 Bissonnet, Ste 240 PMB 12
Houston, TX 77005
Ph: 281-492-7766
Fax: 281-652-5973
kelley@lloydekelley.com

Confidentiality Notice:
This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. This information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the destruction and/or return of the documents.