# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IN RE: David Alvarez | § | |
| DEBTOR | § | CASE NO. 25-42809 |
| | § | Chief Judge Brenda T. Rhoades |

## OBJECTION TO DEBTOR'S DESIGNATION AS A SUBCHAPTER V, CHAPTER 11 DEBTOR

**14-DAY NEGATIVE NOTICE – LBR 2004**

Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading **WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE** shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.

**COMES NOW** Lloyd Kelley ("Kelley" or "Movant") and respectfully files this Objection to Debtor's Designation as a Subchapter V, Chapter 11 Debtor and would show the Court as follows:

## I. Summary

Because Debtor identified D&A Alvarez Group, LLC ("D&A") as 100% owned by him in his schedules, and Debtor claims to have "terminated" D&A in April 2025 and asserts that he transferred assets from D&A to another company he owned, D&C, the current liability owed to the Steadfast Creditors of D&A are in excess of $7 million making Debtor ineligible for a Subchapter V Chapter 11 bankruptcy. In addition, Debtor has hidden or not disclosed the value of his non-exempt property such that it is impossible to determine if the unsecured creditors are getting as much as Debtor's non-exempt property is worth.

## II. Background

1. On September 24, 2025, David Alvarez ("Debtor") individually filed a Subchapter V of Chapter 11 ("Subchapter V") bankruptcy. (Docket Entry 1). Subchapter V is a "streamlined bankruptcy" option for small businesses, created by the Small Business Reorganization Act (SBRA). Subchapter V is a relatively new faster, cheaper way to restructure debt than traditional Chapter 11.

2. Subchapter V removed hurdles like creditor committees and eliminates U.S. Trustee fees, while appointing a trustee to facilitate a consensual plan within shorter deadlines. It allows debtors to stay in possession of their business. It relaxes the absolute priority rule, which allows individual owners to retain their assets or business interests even if creditors are not paid in full, provided the plan is "fair and equitable." Subchapter V was intended to be the exception, not the rule, reducing costs and complexity.

3. However, the eligibility for a debtor to file a Subchapter V of Chapter 11 requires aggregate noncontingent debts below **$3,024,725** with at least 50% of the debt arising from commercial or business activities.

4. On February 3, 2026, the Court held a status conference as well as other motions in this case. During that hearing, one of the entities Debtor owns was discussed. D&A Alvarez Group, LLC. Debtor's counsel again represented to the Court that this company was formally terminated before the filing of the bankruptcy. Debtor's counsel also told the Court that this company was owned 50% by Debtor and 50% by his wife. However, in his Amended Schedules Debtor identified he owned 100% of the company.

5. D&A Alvarez Group, LLC has a judgment against it from Texas state court in excess of $ 9 million. The judgment creditors are referred to as the "Steadfast Creditors." In an email, Debtor's counsel in refusing to provide Movant any

discovery or information about D&A Alvarez Group, LLC's "termination," asserted, "My client certainly will be transparent with any creditors of his former company, but I am only aware of the judgment creditors in the 2016 Yale/Steadfast litigation." This establishes that Debtor has not been "transparent" yet with any creditors.

6. Debtor did not list any of the Steadfast Creditors in his Amended Schedules. However, Debtor provided them notice of the filing of this bankruptcy. Thus, it is uncertain how Debtor is attempting to treat the over $7 million owed by D&A Alvarez Group, LLC in this Subchapter V filing.

7. At the time of that judgment, Debtor filed a sworn statement that D&A Alvarez Group, LLC had cash of $169,154 and "receivables" of $3,064,190. The issue of what happened to the assets of D&A Alvarez Group, LLC and whether it was properly terminated was brought up and discussed. The issue of documents relating to that alleged "termination" were specifically discussed at the last hearing.

8. The Court stated she wanted the debtors in her court to be "transparent" and Movant thought the Court had instructed Debtor's counsel to provide documents without necessity of formal discovery.

9. Movant contest that D&A Alvarez Group, LLC was properly terminated under Texas law.

10. Upon information and belief, Debtor engaged Jennifer Preston of Aropys located at 7300 State Hwy 121, Ste 300, McKinney TX 75070, 972-954-2731 as the accountant for D&A Alvarez Group, LLC at the time of its "termination" in April 2025. Ms. Preston is listed in Debtor's schedules as his accountant and the accountant for his companies.

11. Movant identified Ms. Preston as a potential witness at the future evidentiary hearing.

12. The following day, Movant sent a request for documents and information related to the "termination" of D&A Alvarez Group, LLC and what happened to its assets leading to a "zero value" as of the date of "termination." Movant told Debtor's counsel that he was requesting the communications (email, text, documents exchanged) between David Alvarez and Jennifer Preston who served as the accountant for Mr. Alvarez for the last two years." Movant also told Debtor's counsel that it was his understanding that Jennifer Preston was Debtor's accountant that handled the "winding-up" of his Company.

13. Debtor's counsel responded as to Ms. Preston, "I am not certain that his present accountant was involved in the closure of D&A."  See email attached.

14. Movant felt this was an odd response that Debtor was "not certain" Ms. Preston was his accountant for the "wind-up" of D&A since Ms. Preston was identified as Debtor's counsel and has been for the past two years and the

"termination" just happened last year five months prior to filing this bankruptcy.

15. Movant responded to Debtor's counsel that, the "debtor knows" and asked Debtor's counsel, "Why didn't you ask him who did the accounting to "windup D&A ?"

16. Movant also informed Debtor's counsel that Mr. Trickey, a former lawyer for Debtor and D&A Alvarez, had identified Ms. Preston as Debtor's accountant and stated he had spoken to Alvarez and Ms. Preston winding up D&A earlier last year.

17. Movant then asked what accounting records does Ms. Preston have" and who was the accountant for D&A Alvarez Group, LLC in April 2025 at the time of the "winding-up" of that entity.

18. Debtor's counsel responded that it was basically none of Movant's business. Debtor's counsel took the position that until the Court determines if Mr. Alvarez owes any money to me from my representation of Debtor or D&A, then she was not going to provide me or anyone else any information related to Debtor, his companies or the supposed "termination" of D&A Alvarez Group, LLC.

19. After email exchanges on this issue, Debtor's counsel ended with the following refusal to provide any information: "unless Judge Rhodes finds

that you hold a claim against Mr. Alvarez, for contingency work done for him and D&A, you are not a creditor entitled to any of the other information you seek."

20. Debtor's counsel made an interesting statement though in the exchange of emails that, "[t]he public records show that properties still under D&A's management when D&A ceased operations were placed under management of D&C, which has made full disclosures as part of the filings in this case."

21. This statement is ambiguous as the terms "ceased operations" is not the same as "terminated" under Texas law which Debtor claimed happened in April 2025. In addition, D&A Alvarez Group, LLC never had any "operations." It was a real estate and note holding company with passive investments. This is clear from the sworn accounting Debtor provided to the 190th District Court.

22. Finally, there are no "public" records that record any transfer of assets from D&A Alvarez Group, LLC to D&C Asset Holdings Series I, LLC ("D&C"). In fact, in his Amended Schedules, Debtor claims he only owns 50 % of D&C whereas he claims he owned 100% of D&A Alvarez Group, LLC. Debtor did not identify who owned the other 50% of D&C Asset Holdings Series I, LLC.

23. As to Debtor's attorney claiming Debtor made full disclosure in his bankruptcy filings, Debtor claims D&C Asset Holdings Series I, LLC has an

unknown value. How is that possible if all of the assets of D&A Alvarez Group, LLC were transferred to D&C?

24. Movant challenged the assertion by Debtor's counsel that D&A Alvarez Group, LLC had been property "wound-down" under the Texas Business Organizations Code and specifically identified required items that were never addressed such as notifying all creditors, paying all outstanding bills, and then accounting for all assets of the company and making a final report to the Secretary of State and filing a final IRS return. Debtor has refused to provide any of this documentation to anyone.

**II.    Movant objects that Debtor does not qualify for a Subchapter V.**

25. The Debtor conducts his business through wholly owned business such as Precise Cleaning and D&A Alvarez Group, LLC. According to Debtor's Amended Schedules filed Nov 21, 2025 (Docket Entry 31):

26. Debtor owns a house at 613 Silver Spur, he valued at $1.7 million house and states the equity is $886,000.

27. Debtor identifies a marital trust with house and note at 3705 W 5th Street and states it has an unknown value. No trust agreement has been produced.

28. Debtor identifies time shares in the Virgin Islands, Maui, Orlando, and Cabo with an unknown value.

29. Debtor has 5 bank accounts and a Morgan Stanley account. At the most recent hearing, Debtor's counsel stated they did not even know how much had been in a bank account his wife had taken. Debtor identifies $781,000 in annuities.

30. Debtor identifies 100% ownership in Alvarez Asset Holdings, LLC and claims it has zero value.

31. Debtor identifies he has 50% ownership in Chloe Enterprises Inc. dba Sparkling Services which he states "(closed) and claims it has zero value.

32. Debtor identifies he owns 100% of D&A Alvarez Group, LLC and claims it has zero value. During the last hearing, Debtor's counsel asserted Debtor only owed 50% and his wife owned 50% of this company.

33. Debtor identifies he owns 50% in D&C Asset Holdings Series I, LLC and claims it has an ==unknown value.==

34. Debtor identifies he owns 100% of Precise Cleaning, LLC and claims it has an ==unknown value.==

35. Debtor identifies he owns 50% of Precise Elite, LLC and claims it has an ==unknown value==.

36. Debtor identifies a 49% ownership interest in 309 Pine, LLC but then claims it has an ==unknown value==.

37. Debtor claims 529 accounts for his kids but states it has an ==unknown value.==

38. Debtor claims 100% ownership of a $75,000 mortgage with Matt Aycock as maker but then asserts it has an unknown value.

39. Debtor asserted he owned Tax Relief Inc. and filed corporate documents related to this entity but Debtor did not even list this entity in his bankruptcy schedules.

40. Under Subchapter V, unsecured creditors have to get as much as the non-exempt property is worth. In this case, even in his "amended" schedules, Debtor put down for either zero value or "unknown value" for all of his companies. As such, the Court cannot make a determination of what the non-exempt plan is worth to even confirm a plan.

41. It is undisputed that D&A Alvarez Group, LLC was an asset of Debtor. D&A Alvarez Group, LLC has a judgment of the 190th District Court for $7,589,204 plus pre and post judgment interest.

42. Given the nature of Debtor's ambiguous schedules and disclosures regarding his assets and liabilities, it is not discernable how David Alvarez who conducts his business through companies like D&A Alvarez Group, LLC or D&C can qualify individually as a "small business" under the Small Business Reorganization Act (SBRA). The debtor (individual or entity) must be actively engaged in commercial or business activities.

43. Under SBRA, an entity or person must be engaged in commercial or business activities with total secured and unsecured debts not exceeding **$3,024,725**. At least 50% of this debt must arise from commercial or business activities, and it excludes single-asset real estate entities. Debtor individually does is not engaged in any commercial or business activity.  Debtor stated in his schedules he has no employees.  All of Debtor's commercial or business activity is conducted through entities. To the extent the entities owned by Debtor are included in the calculation, then the debt of D&A Alvarez Group, LLC of over $7 million would establish Debtor is ineligible for a  Subchapter V chapter 11 bankruptcy.

44. To the extent Debtor transferred the assets of D&A, but not its liabilities, to D&C, in the fact of over $7 million in liabilities, then this would constitute a fraudulent transfer.  Debtor's counsel did not list the Steadfast Creditors in his schedules at all.

45. Debtor's counsel repeated to the Court that D&A Alvarez Group, LLC was put into a state court "receivership."  But this was supposedly done after D&A Alvarez Group, LLC was "terminated" properly under Texas TBOC.

46. Under 28 U.S.C. sec. 1334( e), it is the exclusive jurisdiction of the Bankruptcy Court to determine what is property of the estate. This cannot be done if the Debtor does not list the assets of D&A Alvarez Group, LLC that

Debtor's counsel has revealed were transferred to D&C. In addition, the state court receiver has no power once Debtor filed this bankruptcy. Chapter 11 § 543 provides that receivers and custodians of any of Debtors assets must turn them over, which would include D&A Alvarez Group, LLC as an entity. Thus, the state court receiver has no power over D&A Alvarez Group, LLC because it is an asset of the Debtor.

47. To the extent that D&A Alvarez Group, LLC was owned 100% by Debtor and he treated it as his own assets and transferred assets among his companies, or to the extent that D&A Alvarez Group, LLC was not properly "wound-down" under Texas law, then that liability is Debtor's liability. This alone establishes Debtor is not eligible for a Subchapter V bankruptcy.

## CONCLUSION

Movant objects to Debtor's Designation as a Subchapter V, Chapter 11 Debtor. Movant request a hearing and discovery on the issue of whether Debtor is eligible for a Subchapter V treatment.

Dated: Feb. 6, 2026                    Respectfully submitted,

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Kelley@lloydekelley.com
Pro Se

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 6, 2026, by email and by phone call, I conferred with Lyndel Vargas, counsel for Debtor, regarding Objection to Debtor's Subchapter V bankruptcy. Ms. Vargas indicated that the Debtor is opposed to my Objection.

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, a true and correct copy of the above and foregoing document, Objection to Debtor's Designation as a Subchapter V, Chapter 11 Debtor was served via email on the following counsel of record and/or through the Court's ECF system, which constitutes service on all parties.

LVargas@chfirm.com
Lyndel Anne Vargas
Cavazos Hendricks Poirot, PC
900 Jackson St., Suite 570
Dallas Texas 75202

/s/ *Lloyd E. Kelley*