**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| In Re: | § § § § § § § | |
| | | Case No. 25-42809 |
| DAVID CORTEZ ALVAREZ, | | |
| | | |
| Debtor. | | Chapter 11, Sub V |

**DEBTOR'S OPPOSITION TO AMENDED MOTION TO STAY PENDING APPEAL AND INCORPORATED MEMORANDUM**

COMES NOW, David Alvarez, the Debtor-In-Possession in the above-referenced Subchapter V Case (the "Respondent), and files his **Debtor's Opposition to Amended Motion to Stay Pending Appeal and Incorporated Memorandum of Law or in the Alternative Motion to Clarify or Modify the Court's Order D.E. 71** (the "Amended Motion to Stay Pending Appeal") [Docket No. 85] filed by Lloyd Kelley, and would show the Court as follows:

**I.    BACKGROUND**

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(B).

2. On September 24, 2025 (the "Petition Date"), David Alvarez filed a voluntary petition under Chapter 11 Subchapter V of the United States Bankruptcy Code.

3. On December 3, 2025, Lloyd Kelley ("Movant") filed Proof of Claim Number 11 ("Claim No. 11") for services performed under a contingency contract for legal services in the amount of $3,759,796.00. Claim No. 11 is filed as a secured claim allegedly secured by "Contractual Fee Attorney Lien Equitable." Claim No. 11 does not attach the referenced contract nor any other documentation to support it.

4. By filing this Claim No. 11, Movant has submitted himself to the jurisdiction of this Court.

5. On December 12, 2025, Movant filed his Motion to Lift Stay and Waiver of 30-Day Requirement and Alternatively Request for Hearing in Plano, Texas [Docket No. 46].

6. On December 17, 2025, Debtor filed his objection to Kelley's Claim No. 11 [Docket No. 47].

7. On the same day, Debtor also filed his opposition to Movant's Motion to Lift the Stay [Docket No. 48].

8. After a hearing on the Movant's motion to lift the automatic stay, the Court entered an Order Granting In Part and Denying In Part Movant's requested relief on January 15, 2026 (the "Order") [Docket No. 71]. The Court lifted the stay to permit cause number 2022-09193 pending in the 190th District Court to authorize the parties to sever the Debtor from that litigation and to authorize the 190th District Court to enter a final judgment on the Debtor's original claims with prejudice. The Court did not lift the stay as to any and all claims Movant has against Debtor. Similarly, the Court denied lifting the stay to allow Movant to conclude the arbitration commenced in 2022 to pursue any of his asserted claims against the Debtor.

9. Movant appealed this Court's Order on January 27, 2026.

10. On January 30, 2026, Movant filed his Amended Motion to Stay Pending Appeal to include the required negative notice language.

11. Movant wants to pursue a stale arbitration on Movant's counterclaims in a case that the Debtor had brought against him on February 21, 2022, and was later dismissed, with prejudice. Debtor nonsuited his claims against Movant over three years ago. Movant counterclaimed based

on claims arising out of an engagement agreement that Debtor and Movant entered into in July of 2018.

12. Debtor nonsuited all State District Court claims against Movant in 2022, and that court granted dismissal of Debtor's claims, with prejudice, on December 22, 2022.

13. Prior to Debtor filing for bankruptcy, Debtor was not aware that any claims were pending in arbitration and has not been able to obtain any of the old files on this 2022 case from either of his former attorneys.

14. Movant had also asserted crossclaims against other parties in the 2022 litigation. The Bankruptcy Court recognized this in its Order granting relief from the stay to pursue those claims against non-debtor parties.

15. The Order Denying In Part and Granting In Part Movant's requested relief on January 15, 2026, was supported by the record, consistent with the Bankruptcy Code, and well within this Court's discretion.

16. If Movant has any claims against Debtor, this Court is the proper forum and has jurisdiction over all claims of and against the Debtor.

## II.   LEGAL ARGUMENT

17. The Bankruptcy Court should deny Movant's Motion for Stay Pending Appeal.

18. In the Fifth Circuit, the Court must consider the following four factors when considering whether to grant a stay pending appeal:

(1) whether the movant has made a showing of likelihood of success on the merits;

(2) whether the movant will suffer irreparable injury absent a stay;

(3) whether a stay would substantially harm the other parties; and

(4) whether a stay would serve the public interest.

*See Nken v. Holder*, 556 U.S. 418, 434 (2009); *see also In re First South Savings Association*, 820 F.2d 700, 709 (5th Cir. 1987).

19. The burden is on the party seeking the stay to establish the prerequisites. *In re Tex. Health Enters.*, 255 B.R. 185, 188 (Bankr. E.D. Tex. 2000).

20. A stay is not a matter of right, instead, it is an exercise of judicial discretion. *See Nken v. Holder*, 556 U.S. 418, 433 (2009).

21. Here, the factors considered in *First South Savings Association* weigh against granting a stay pending appeal.

22. The first factor weighs against granting a stay pending appeal because Movant has not shown how the Bankruptcy Court does not have jurisdiction to hear his claims against Debtor or that the Bankruptcy Court did not have jurisdiction to enter its Order on a motion for relief from the automatic stay.

23. Disagreement with the Court's findings alone does not establish a likelihood of success.

24. The Movant has not met his burden of proof on the first factor.

25. The second factor weighs against granting a stay pending appeal because Movant will not suffer any irreparable injury absent a stay. Irreparable harm cannot be speculative.

26. "Normally the mere payment of money is not considered irreparable . . . ." *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010).

27. "As a general rule, economic losses alone do not constitute irreparable harm because such losses are compensable by monetary damages." *In re Dernick*, Nos. 18-32417, 18-32494, 2019 Bankr. LEXIS 116, at *10 (Bankr. S.D. Tex. 2019).

28. Movant seeks to recover monetary damages from Debtor through the aforementioned arbitration. These are the same fees which are the basis of his Claim No. 11.

29. The arbitration he so desperately claims he must pursue right now languished for the past several years. He has had plenty of time to pursue his claims even prior to this bankruptcy case. The arbitration is currently stayed. As this Court noted on the record, a quicker resolution can be reached in the Bankruptcy Court.

30. Any harms alleged by Movant, if proved, are compensable by payment under the Debtor's plan.

31. The Movant has not met his burden of proof on the second factor.

32. The third factor weighs heavily against granting a stay pending appeal. There are a multitude of parties involved in this bankruptcy case that would be prejudiced by further delays arising from protracted arbitration proceedings. The Debtor would be harmed the most by not being able to resolve other issues, rightfully include creditors' claims in a plan of reorganization, and effectuate that plan as quickly as possible. Movant has already stalled enough in the state court case where he was granted the opportunity to arbitrate years ago.

33. Movant should not be granted more time to further suspend Debtor from his fresh start.

34. The requested stay would delay the administration of the Estate, increase expenses of the Debtor to defend himself in another forum, and increase administrative costs.

35. In fact, it is the Debtor, creditors, and other stakeholders that would bear real and immediate harm if a stay pending appeal was granted.

36. The Movant has not met his burden of proof on the third factor.

37. The fourth factor weighs against granting a stay pending appeal because public interest favors the Debtor, not the Movant. Movant is not the only party involved in this bankruptcy case. The Subchapter V cases were designed for small business debtors to move promptly to restructure their businesses. A successful plan of payment of allowed claims serves the public interest. Debtor should be allowed to investigate Movant's claim in Bankruptcy Court, since the claim was brought here.

38. Public interest strongly favors efficient bankruptcy administration and finality of bankruptcy court orders.

39. A stay would undermine these principles and impede the progress of this case. The public interest is therefore not served by granting the requested relief.

40. The Movant has not met his burden of proof on the fourth factor.

41. Once Debtor filed for bankruptcy, he brought "all legal or equitable interests" of his estate into federal bankruptcy court jurisdiction.

42. As stated above, the Bankruptcy Court has jurisdiction over these "core" matters like whether Movant is a creditor of the Debtor and has standing to participate in Debtor's bankruptcy case.

43. The issue of whether Movant is a creditor in this case must be decided first here in this Bankruptcy Court.

44. Bankruptcy Court is the best forum to resolve factual and legal issues relating to property of Debtor's estate instead of a piecemeal approach through multiple, different state courts.

45. Additionally, in the alternative, Movant pleads a motion to clarify or modify the Court's Order. This appears to be a request for a motion for reconsideration. Pursuant to Federal Bankruptcy Rule of Procedure 8007(a)(1)(A), the party seeking the appeal must move first in this

Bankruptcy Court for a stay of this Court's order pending appeal. This motion may be filed before or after the notice of appeal is filed. FED. R. BANKR. P. 8007(a)(2). However, a motion for reconsideration cannot be granted while an appeal is pending, unless the case is remanded back by the appellate court. *See* FED. R. BANKR. P. 8008(a). This Court can deny such motion. *Id.*

### III.    MOVANT'S RELIANCE ON COINBASE IS MISGUIDED

46. Movant relies on *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738-41 (2023) for the ultimate, matter-of-fact determination that a federal district court must stay its proceedings while an interlocutory appeal of an order denying a motion to compel arbitration is pending.

47. *Coinbase, Inc.* is distinguishable because it specifically only applies to federal district courts. While bankruptcy courts do operate under federal district court jurisdiction, bankruptcy courts hear multi-faceted cases and simultaneously adversary proceedings relating to those cases. In other words, bankruptcy court cases are not so binary as Movant would like to believe.

48. Further, Movant was granted the opportunity to seek arbitration in the appropriate state court. Unlike the facts in *Coinbase, Inc.*, this "entire case" is not essentially "involved in the appeal." 599 U.S. at 741. Movant's claim, if any, is only one claim against Debtor's bankruptcy estate.

### IV.    CONCLUSION

49. The requested stay is an extraordinary remedy. Movant has not met—and cannot meet—the four-factor standard required for a stay pending appeal. Movant's appeal is unlikely to succeed, Movant identifies no irreparable harm, the balance of harms weighs heavily against a stay, and the public interest favors allowing this Court's Order to be implemented.

50. Movant has misguided confidence on easily distinguishable case law.

51. The Court should therefore deny the Amended Motion for Stay Pending Appeal in its entirety.

Respectfully submitted,

/s/ Nicole S. Wood
Lyndel Anne Vargas
State Bar No. 24058913
Nicole Susan Wood
State Bar No. 24120560
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7344
Phone: (214) 573-7307
Email: LVargas@chfirm.com
Email: NWood@chfirm.com

Attorneys for David Alvarez,
SubV Debtor-In-Possession

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Debtor's Opposition to Amended Motion to Stay Pending Appeal and Incorporated Memorandum of Law or in the Alternative Motion to Clarify or Modify the Court's Order D.E. 71* was served on February 10, 2026 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U.S. Bankruptcy Court for the Eastern District of Texas, Sherman Division, on all parties-in-interest submitting to service of papers in this case by said means and by first class postage prepaid mail upon the parties listed below.

US Trustee
Office of the U S Trustee
110 N College Ave., Suite 300
Tyler, TX 75702-7231

David Cortez Alvarez
613 Silver Spur Drive
Southlake, TX 76092-2048

/s/ Nicole S. Wood
Nicole S. Wood

**DEBTOR'S OPPOSITION TO AMENDED MOTION TO STAY PENDING APPEAL**   Page 8 of 8